*Exhibit B*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 5:22-cv-01150 |
| V. | § | |
| | § | |
| ANDERSON DOS SANTOS AND SAME | § | |
| DAY DELIVERY LLC, | § | |
| *Defendants.* | § | |

## INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE WESTERN DISTRICT COURT OF TEXAS, SAN ANTONO
DIVISION

Defendants, Anderson Dos Santos and Same Day Delivery LLC, attach this Index of

Matters Being Filed to their Notice of Removal.

1.   Docket Report/Case History for Cause No. 2022CI18343 (dated October 21, 2022);

2.   Plaintiff's Original Petition and Jury Demand (filed September 19, 2022);

3.   Affidavit of Service for Defendant Same Day Delivery LLC (filed October 4, 2022);

4.   Plaintiff's Verified Motion for Substituted Service (filed October 13, 2022); and

5.   Defendants' Original Answer (filed October 19, 2022).

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:   */s/ Lynn S. Castagna*
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Daryl R. Hayes
    State Bar No. 00790844
    Daryl@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

*__VIA E-SERVICE__*
*__And/or VIA E-MAIL__*
Francisco Guerra, IV
Shalimar Wallis
Julie A. Matsen
WATTS GUERRA, LLP
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257

and in accordance with the Texas Rules of Civil Procedure, on the 21st day of October, 2022.


     */s/ Lynn S. Castagna*
    Lynn S. Castagna

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/22c300bcfd1750a1b58eb81693862d6f

## Case Information

### Victoria Sweeney VS Anderson Dos Santos ET AL

2022CI18343

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Bexar County - 407th District Court | Civil - Injury or Damage | Motor Vehicle Accident | 9/19/2022 |

Judge
407th, District Court

### Parties [4]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Victoria Sweeney | FRANCISCO GUERRA, SHALIMAR S WALLIS |
| Plaintiff | Victoria Jeong Sweeney | FRANCISCO GUERRA, SHALIMAR S WALLIS |
| Defendant | Same Day Delivery LLC | |
| Defendant | Anderson Dos Santos | |

### Events [9]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 9/19/2022 | Filing | REQUEST FOR SERVICE AND PROCESS | | Request for Process Original Petition.pdf |
| 9/19/2022 | Filing | Petition | | 0919 2022 Sweeney Original Petition.pdf |
| 10/4/2022 | Filing | Return of Service Successful | SAME DAY DELIVERY LLC | Same Day Delivery LLC Citation Return of Service.pdf |
| 10/13/2022 | Filing | EXHIBITS | Exhibit A | EXHIBIT A.pdf |
| 10/13/2022 | Filing | EXHIBITS | Exhibit 2 | EXHIBIT 2.pdf |
| 10/13/2022 | Filing | EXHIBITS | Exhibit B | EXHIBIT B.pdf |
| 10/13/2022 | Filing | EXHIBITS | Exhibit 1 | EXHIBIT 1.pdf |
| 10/13/2022 | Filing | MOTION FOR | SUBSTITUTED SERVICE (VERIFIED) | 1013 2022 Plf MotSubService.pdf |
| 10/19/2022 | Filing | ORIGINAL ANSWER OF | ANDERSON DOS SANTOS AND SAME DAY DELIVERY LLC | 2022-10-19 Defs' OA.pdf |

© 2022 Tyler Technologies, Inc. I All Rights Reserved
Version: 2022.9.0.3415


EMPOWERED BY TYLER TECHNOLOGIES

**407th District Court**

# Case Summary

**Case No. 2022CI18343**

| | | |
|---|---|---|
| **Victoria Sweeney VS Anderson Dos Santos ET AL** | § | Location |
| | § | **407th District Court** |
| | § | Judicial Officer |
| | § | **407th, District Court** |
| | § | Filed on |
| | § | **09/19/2022** |

---

## Case Information

Case Type:  MOTOR VEHICLE ACCIDENT

Case Status:  **09/19/2022   Pending**

---

## Assignment Information

**Current Case Assignment**

Case Number    2022CI18343
Court          407th District Court
Date Assigned  09/19/2022
Judicial Officer  407th, District Court

---

## Party Information

**Defendant**    **Dos Santos, Anderson**

**Same Day Delivery LLC**

---

## Events and Orders of the Court

09/19/2022    New Cases Filed (OCA)

09/19/2022   PETITION

09/19/2022   REQUEST FOR SERVICE AND PROCESS

09/28/2022   **Citation**
Dos Santos, Anderson
Unserved
Same Day Delivery LLC
Unserved

09/28/2022   **Citation**
Same Day Delivery LLC
Served: 09/30/2022

10/04/2022   RETURN OF SERVICE - SUCCESSFUL
*SAME DAY DELIVERY LLC*

10/13/2022   MOTION FOR
*SUBSTITUTED SERVICE (VERIFIED)*

10/13/2022   EXHIBITS
*Exhibit A*

10/13/2022   EXHIBITS
*Exhibit B*

10/13/2022   EXHIBITS
*Exhibit 1*

10/13/2022   EXHIBITS
*Exhibit 2*

FILED
9/19/2022 3:07 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 407th District Court

2 CIT PPS/ CIT SOS  SAC 3

CAUSE NO. **2022CI18343** _____

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ANDERSON DOS SANTOS and | § | |
| SAME DAY DELIVERY LLC, | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Victoria Sweeney, and files this Original Petition against Defendants Anderson Dos Santos and Same Day Delivery LLC. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY TRACK

1.1    This case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and Plaintiff will seek an Agreed Order or other Court Order to this effect.

### II.
### PARTIES

2.1    Plaintiff, Victoria Jeong Sweeney, is a citizen of San Antonio, Bexar County, Texas.

2.2    Defendant, Anderson Dos Santos, is a citizen of Georgia domiciled in Acworth, Georgia at the time of the subject crash. Defendant Dos Santos may be served with process at his residence located at 2610 Webster Dr. NW, Acworth, Georgia 30101.

2.3     Defendant, Same Day Delivery, LLC, is a domestic limited liability company operating out of the state of Georgia at the time of the subject crash. Upon information and belief, the sole member of Same Day Delivery, LLC is Carbin Huggins, who is a citizen of Georgia residing at 2610 Webster Dr. NW, Acworth, Georgia 30101. Defendant Same Day Delivery, LLC does not maintain a regular place of business in Texas, nor does it have a designated agent for service of process in Texas. This proceeding arises out of Defendant Same Day Delivery, LLC's business done in Texas. As such, the Texas Secretary of State is the agent for service of process pursuant to Texas Civil Practice and Remedies Code § 17.044(b). The Secretary of State may effectuate process on Defendant Same Day Delivery, LLC by mailing a copy of the petition and citation to its home office:  Carbin Huggins, President, 2610 Webster Dr. NW, Acworth, Georgia 30101.

### III.
### VENUE AND JURISDICTION

3.1     Venue is proper in Bexar County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Bexar County is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred.

3.2     This Court has subject matter jurisdiction over this action because the amount sought herein exceeds the minimum jurisdictional limits of the Court. Specifically, and pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that she seeks damages in excess of $1,000,000.00.

3.3     This Court has personal jurisdiction over each of the Defendants because they each do business in Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over them is proper.  More specifically:

a.      The Court has specific personal jurisdiction over Defendant Dos Santos, who is a domiciliary of the State of Georgia, because he purposefully directed his activities toward the State of Texas and purposefully availed himself of the privileges and benefits of conducting business in the State of Texas.  This lawsuit arises foreseeably from the activities that Defendant Dos Santos purposefully directed toward Texas and the claims against Defendant Dos Santos arise directly from his contacts with the State of Texas insofar as Defendant Dos Santos committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit seek to impose liability against Defendant Dos Santos for the conduct that occurred and caused injury in Texas.  The exercise of specific personal jurisdiction over Defendant Dos Santos comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

b.      This Court likewise has specific personal jurisdiction over Defendant Same Day Delivery, LLC because it purposefully directed its activities toward the State of Texas and purposefully availed itself the privileges and benefits of conducting business in the State of Texas.  This lawsuit arises foreseeably from the activities that Defendant Same Day Delivery, LLC purposefully directed toward Texas and the claims against Defendant Same Day Delivery, LLC arise directly from its contacts with the State of Texas insofar as Defendant Same Day Delivery, LLC committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit seek to impose liability against Defendant Same Day Delivery, LLC for the conduct that occurred and caused injury in Texas.  The exercise of specific personal jurisdiction over Defendant Same Day Delivery, LLC comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

**IV.**
**BACKGROUND FACTS**

4.1     According to the crash report, on November 2, 2020 at roughly 4:03 pm., Plaintiff was traveling south at a lawful speed in the center lane of I-10 near mile marker 10 in San Antonio, Bexar County, Texas. At the same time, Defendant Dos Santos's vehicle was traveling south in the inside lane. Suddenly and without warning, Defendant Dos Santos attempted to merge into the center lane, causing his vehicle to collide with Plaintiff's vehicle. As a result of the crash, Plaintiff suffered severe injuries.

4.2     At all times during the time of the crash, Defendant Dos Santos was in the course and scope of his employment with his employer Same Day Delivery, LLC.  As such, Defendant Same Day Delivery, LLC is liable for the acts and omissions of Defendant Dos Santos under the doctrine of *respondeat superior*.  Alternatively, Defendant Dos Santos was the statutory employee of Defendant Same Day Delivery, LLC pursuant to the Federal Motor Carrier Safety Regulations.  *See* 49 C.F.R. § 376.1, *et seq.*

**CAUSES OF ACTION AGAINST DEFENDANTS**
**DOS SANTOS AND SAME DAY DELIVERY, LLC**

**V.**
**NEGLIGENCE AND VICARIOUS LIABILITY**

5.1     Defendant Dos Santos committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiffs' damages.

5.2.     Defendant Dos Santos owed a duty to Plaintiff to exercise ordinary care. Defendant Espinoza's acts or omissions of negligence include, without limitation, one or more of the following:

(a)     Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)     Failing to safely operate the subject vehicle;

(c)     Crashing into Plaintiff;

(d)     Failing to pay attention to attendant traffic and driving conditions; and

(e)     attempting to merge when unsafe to do so.

5.3.     Defendant Same Day Delivery, LLC is liable for Defendant Dos Santos's conduct under the doctrine of *respondeat superior*.  Defendant Dos Santos was employed by Defendant Same Day Delivery, LLC as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit.  Defendant Same Day Delivery, LLC is vicariously liable for Defendant Dos Santos's negligence because Defendant Dos Santos was acting in furtherance of the business of Defendant Same Day Delivery, LLC at the time of the collision and was in the course and scope of his employment or agency with Defendant Same Day Delivery, LLC at the time of the collision.

5.4.     Alternatively, Defendant Same Day Delivery, LLC is vicariously liable as a matter of law for the negligence of Defendant Dos Santos because Defendant Dos Santos was a statutory employee of Defendant Same Day Delivery, LLC pursuant to the Federal Motor Carrier Safety Regulations.

## DAMAGES

### VI.
#### ACTUAL DAMAGES

6.1.     As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental

anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

## VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
### CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1    Plaintiff requests a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Dated: September 19, 2022                      Respectfully submitted,

                                               WATTS GUERRA, LLP
                                               4 Dominion Drive
                                               Bldg. 3, Suite 100
                                               San Antonio, Texas 78257
                                               Telephone:    (210) 447-0500
                                               Facsimile:     (210) 447-0501

By:     */s/ Shalimar Wallis*           
FRANCISCO GUERRA IV
State Bar No. 00796684
fguerra@wattsguerra.com
SHALIMAR WALLIS
State Bar No. 24033191
swallis@wattsguerra.com
JULIE A. MATSEN
State Bar No. 24115654
jmatsen@wattsguerra.com
**COUNSEL FOR PLAINTIFF**

FILED
10/4/2022 4:18 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 407th District Court

Case 5:22-cv-01150-FB   Document 1-4   Filed 10/21/22   Page 14 of 46

PRIVATE PROCESS

**Case Number: 2022CI18343**

Victoria Sweeney VS Anderson Dos Santos ET AL
(Note: Attached Document May Contain Additional
Litigants)

IN THE **407TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

<u>CITATION</u>

"THE STATE OF TEXAS"

Directed To:     **Same Day Delivery LLC**
                 **BY SERVING THE SECRETARY OF STATE**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Original Petition was** filed **on this the 19th day of September, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 28th day of September, 2022.**

**SHALIMAR S WALLIS**
**ATTORNEY FOR PLAINTIFF**
**4 Dominion Dr Ste 100 Bldg 3**
**San Antonio TX  78257-1488**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
By: /s/ Matthew Stanage
 Matthew Stanage, Deputy

---

**VICTORIA SWEENEY VS ANDERSON DOS SANTOS ET AL**

Case Number: 2022CI18343
407th District Court

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached **ORIGINAL PETITION** the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20_____ at _____ o'clock _____ M.

at _____ City_____ State_____ Zip_____

or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

<span style="color:red; font-weight:bold;">AFFIDAVIT ATTACHED</span>

Copy from re:SearchTX

CAUSE NO. 2022CI18343

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ANDERSON DOS SANTOS and SAME DAY DELIVERY LLC | § | |
| Defendant. | § | 407TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Kelly Land** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 28, 2022, 4:00 pm**,

CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1019 Brazos St, Austin, TX 78701-2413** within the county of **Travis** at **03:20 PM** on **Fri, Sep 30, 2022**, by delivering in duplicate a true copy to the within named

SAME DAY DELIVERY LLC BY DELIVERING TO THE TEXAS SECRETARY OF STATE, ACCEPTED BY DANIELLE JORDAN

in person, having first endorsed the date of delivery on same. An administrative fee of $55.00 was also tendered.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Kelly Land PSC-5912, Exp. 10/31/2024

BEFORE ME, a Notary Public, on this day personally appeared **Kelly Land**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 10/03/2022

Notary Public, State of Texas

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

Copy from re:SearchTX

FILED
10/13/2022 1:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais
Bexar County - 407th District Court

CAUSE NO. <u>2022CI18343</u>

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY,<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 407TH JUDICIAL DISTRICT |
| ANDERSON DOS SANTOS and<br>SAME DAY DELIVERY LLC,<br>*Defendants* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

---

## PLAINTIFF'S VERIFIED MOTION FOR SUBSTITUTED SERVICE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Victoria Jeong Sweeney, and files this, her Verified Motion for Substituted Service.   Ms. Sweeney initiated this action by filing an Original Petition in this Court on September 19, 2022 naming Anderson Dos Santos and Same Day Delivery, LLC.  To date, three different attempts to effectuate service upon both Anderson Dos Santos and Same Day Delibery LLC via delivery of the citation with a copy of the petition in person have failed; all other defendants have been served.   Accordingly, pursuant to Texas Rule of Civil Procedure 106(b), Ms. Sweeney now seeks an order permitting substituted service upon the Defendants as permitted by that rule.  In support thereof, Ms. Sweeney respectfully shows as follows:

## I.
## FACTUAL BACKGROUND

This lawsuit arises out of a November 2, 2020 automobile collision. In that collision, Plaintiff Victoria Jeong Sweeney was traveling south at a lawful speed in the center lane of I-10 near mile marker 10 in San Antonio, Bexar County, Texas. At the same time, Defendant Dos Santos's vehicle was traveling south in the inside lane. Suddenly and without warning, Defendant Dos Santos attempted to merge into the center lane,

Copy from re:SearchTX

causing his vehicle to collide with Plaintiff's vehicle. As a result of the crash, Plaintiff suffered severe injuries. At all times during the time of the crash, Defendant Dos Santos was in the course and scope of his employment with his employer Same Day Delivery LLC.

Ms. Sweeney instituted a lawsuit on September 19, 2022 in the 407th Judicial District Court of Bexar County, Texas by filing her Original Petition. *See Ex. A* – Original Pet. at 1. That lawsuit named Anderson Dos Santos and Same Day Delivery LLC in the action and alleged that Anderson Dos Santos and Same Day Delivery LLC were negligent, and such negligence caused the subject incident. *Id.* at 4-5 ¶¶ 5.1-5.4. The Original Petition identifies Anderson Dos Santos's address as 2610 Webster Dr. NW, Acworth, Georgia 30101. *Id.* at 1 ¶ 2.2. The Original Petition identifies Same Day Delivery, LLC as a domestic limited liability company whose sole member, Carbin Huggins, resides at 2610 Webster Dr. NW, Acworth, Georgia 30101. *Id.* at 2 ¶ 2.3.

Sweeney obtained citation to both Anderson Dos Santos and Same Day Delivery, LLC and sought to effectuate service on both parties. *See Ex. B* – Affidavit of Julie Matsen and *See Ex. 1 to Aff.* – Affidavit of Kristian Blakeney regarding Same Day Delivery, LLC, and *See Ex. 2 to Aff.* – Affidavit of Kristian Blakeney regarding Anderson Dos Santos. Beginning on October 3, 2022, Blakeney made three attempts to serve both Anderson Dos Santos and Same Day Delivery, LLC by delivering to Carbin Huggins, President at 2610 Webster Dr. NW, Acworth, Georgia 30101. *Id*. As the affidavit demonstrates, the 2610 Webster Dr. NW, Acworth, Georgia 30101 address is the place of residence for both Anderson Dos Santos and Carbin Huggins. *Id*. In the first attempt on October 3, Mr. Blakeney met with a person who identified herself as Carbin Huggins's daughter and confirmed he and Anderson Dos Santos both resided there. *Id*. In the second attempt on

Copy from re:SearchTX

October 6, Mr. Blakeney met with a person who identified himself as Carbin Huggins's son and confirmed that he and Anderson Dos Santos were not home. *Id*. In the third attempt on October 8, Mr. Blakeney made contact with an unnamed female occupant who indicated that Carbin Huggins was working away from home and Anderson Dos Santos was out of the country. *Id*. To date, Mr. Blakeney has been unable to effectuate service on either Anderson Dos Santos or Same Day Delivery, LLC by delivering to Carbin Huggins, President.

## II.
## SUBSTITUTED SERVICE IS AVAILABLE IF SERVICE HAS BEEN ATTEMPTED BUT HAS NOT BEEN SUCCESSFUL

Texas law generally "prefers personal service over substitute service," but permits substituted service where personal service has been attempted unsuccessfully. *See Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.--Austin 2009, no pet.)(citing *State Farm Fire & Cas. Co. v.* Costley, 868 S.W.2d 298, 298-99 (Tex. 1993); *Vespa v. National Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.--Fort Worth 2003, no pet.); *Mylonas v. Texas Commerce Bank - Westwood*, 678 S.W.2d 519, 522 (Tex. App.--Houston [14th Dist.] 1984, no writ)).  In order to show that substituted service is appropriate, the plaintiff must file a motion seeking approval to effectuate substituted service. *See* TEX. R. CIV. P. 106(b).  The motion must be supported by an affidavit. *Id.*  The affidavit must meet certain requirements; it must (a) state the location of the defendant's usual place of business, usual place of abode, or other place where the defendant can probably be found; (b) state specifically the facts showing that service had been attempted in compliance with Texas Rule of Civil Procedure 106(a); and (c) demonstrate that the attempts made at the location of the defendant's usual place of business or usual place of abode were unsuccessful. TEX. R. CIV. P. 106(b).  In considering the affidavit in support of the motion, the court applies the law to the facts

---

Copy from re:SearchTX

stated in the affidavit rather than making factual determinations from the affidavit itself.

*See Coronado v. Norman*, 111 S.W.3d 838, 841-42 (Tex. App.--Eastland 2003, pet. denied).

Once Plaintiff has established those facts, the Court may authorize service in one of two ways:

(1)     by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2)     in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

*Id.*  This affords the Court with discretion in authorizing substituted service.  *See, e.g., Coronado v. Norman*, 111 S.W.3d 838, 841-42 (Tex. App.--Eastland 2003, pet. denied) ("Rule 106(b) does allow the trial court discretion in authorizing substituted service . . . .").  But the Court's order must specify how substituted service will occur; it cannot allow the parties or the process server to determine how that will happen.  *See, e.g., Costley*, 868 S.W.2d at 299 (providing that it is the responsibility of the trial Court to determine and direct the manner of substituted service.).[1]

### III.
### PLAINTIFF'S AFFIDAVIT DEMONSTRATES THAT SERVICE HAS BEEN ATTEMPTED BUT HAS NOT BEEN SUCCESSFUL

As noted above, there are three essential facts that the affidavit in support of the motion for substituted service that must establish.  First, the affidavit must provide probative evidence that the location stated is the defendant's usual place of business or usual place of abode, or another place where the defendant can probably be found.  *See Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.--Dallas 1986, no writ).

---

[1]  It should be noted, however, that authorizing substituted service permits the plaintiff an additional method (along with the traditional methods specified by Rule 106(a)) for effectuating service upon the defendant.  *See Taylor*, 293 S.W.3d at 916 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Copy from re:SearchTX

Second, the affidavit must specifically demonstrate that service upon the defendant at usual place of abode (or usual place of business) has been attempted in a manner that would comply with Texas Rule of Civil Procedure 106(a). *See Pratt v. Moore*, 746 S.W.2d 486, 488-89 (Tex. App.—Dallas 1988, no writ).  Finally, the affidavit must demonstrate that those attempts were unsuccessful. *See Haider v. R.R.G. Masonry*, No. 03-04-00309-CV, 2005 WL 1583276, at *2 (Tex. App.--Austin 2005, no pet.).

Here, the affidavits of Kristian Blakeney establish that both Anderson Dos Santos and Carbin Huggins have a usual place of abode at 2610 Webster Dr. NW, Acworth, GA, 30101. *See Ex. B* – Affidavit of Julie Matsen and *See Ex. 1 to Aff.* – Affidavit of Kristian Blakeney regarding Same Day Delivery, LLC, and *See Ex. 2 to Aff.* – Affidavit of Kristian Blakeney regarding Anderson Dos Santos. The affidavits further confirm that both Anderson Dos Santos and Carbin Huggins are residence of the 2610 Webster Dr. NW residence in Acworth, Georgia. *See id*. Accordingly, the affidavits provide evidence of probative value that the 2610 Webster Dr. NW address is the usual place of abode for both Anderson Dos Santos and Carbin Huggins.[2] Thus, the evidence is sufficient to establish the first essential fact for obtaining substituted service.

Next, the affidavits demonstrate that at least three different attempts at effectuating service at the 2610 Webster Dr. NW address have been made over the course of a number of days and a variety of times. The affidavits expressly set out the facts associated with each of these attempts at serving both defendants. They demonstrate that the three attempts at service occurred on October 3, 2022, October 6, 2022, and October 8,

---

[2]   Rule 106(b) requires that service been attempted at "the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." TEX. R. CIV. P. 106(b). Significantly, this does not require that the service attempts be made at each such location. *See id*. (affidavit must "specifically state the facts showing that service has been attempted . . . at the *location* named in such affidavit . . . .")(emphasis added).  Thus, by having attempted service on multiple occasions at the 2610 Webster Dr. NW address, Mr. Blakeney has met the proof burden imposed by the rule.

Copy from re:SearchTX

2022. *Id*. In each instance, the process server attempted to deliver a true copy of the citation with a copy of the petition appended. *Id*. In each instance, the process server asked to speak with Anderson Dos Santos and Carbin Huggins, and in each instance, the process server left his contact information. *Id*. Finally, the process server was able to speak to three people who confirmed that both Anderson Dos Santos and Carbin Huggins lived at the identified address. *Id*. Texas courts have held that an affidavit is sufficient if it shows how many attempts of service were made and the times at which service was attempted. *See, e.g., Coronado*, 111 S.W.3d at 842 (citing *Mackie Constr. Co. v. Carpet Serv. Inc.*, 645 S.W.2d 594, 596 (Tex. App.--Eastland 1982, no writ); *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 815 (Tex. Civ. App.--Dallas 1979, no writ); *see also Stylemark Constr., Inc. v. Spies*, 612 S.W.2d 654, 656 (Tex. Civ. App.--Houston [14th Dist.] 1981, no writ)).

Significantly, each of these attempts clearly complies with the requirements for effectuating personal service pursuant to Texas Rule of Civil Procedure 106(a). When service is to be made in person, the rule requires delivery "to the defendant, in person, a true copy of the citation . . . with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a). Thus, to establish compliance with Rule 106(a), the affidavit must demonstrate an attempt to deliver a true copy of the citation and a copy of the petition, and show an attempt to deliver those documents to the defendant in person. *Id*. Here, the affidavit recites that in each attempt to serve Gregory Payne, the process server sought to deliver a true copy of the citation with a copy of the petition appended. *See Ex. B* – Affidavit of Julie Matsen and *See Ex. 1 to Aff.* – Affidavit of Kristian Blakeney regarding Same Day Delivery, LLC, and *See Ex. 2 to Aff.* – Affidavit of Kristian Blakeney regarding Anderson Dos Santos. Thus, the affidavit demonstrates that service upon the defendant at his usual

place of abode has been attempted on multiple occasions and that each attempt to effectuate service complied with Rule 106(a).

Finally, the affidavit establishes that each of these three attempts was unsuccessful. In fact, in each instance, the process server was unable to enter through the gate on the property; in each instance, the process server left his contact information with a resident or relative when he attempted to effectuate service. Additionally, there is no return of service to suggest that service was somehow accomplished by another means. Thus, the affidavit establishes the third necessary fact as well.

The affidavits are sufficient to permit the Court to authorize substitute service.

### IV.
### THE COURT SHOULD AUTHORIZE SUBSTITUTE SERVICE UPON DEFENDANTS THROUGH PUBLICATION, OR, IN THE ALTERNATIVE, SERVICE BY ANY MANNER THE COURT FINDS REASONABLY EFFECTIVE

In accordance with Texas Rule of Civil Procedure 106(b), the Court may authorize service "(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit."

Accordingly, Plaintiff respectfully requests that this Court authorize suit by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement, i.e. 2610 Webster Dr. NW, Acworth, GA, 30101. Tex. R. Civ. P. 106(b)(1).

Alternatively, Plaintiff respectfully requests that the Court authorize substituted service by any other manner that the Court finds to be reasonably effective to give the defendant notice of the suit. Tex. R. Civ. P. 106(b)(2). Should the Court elect this

---

Copy from re:SearchTX

alternative, Plaintiff respectfully requests that the Court specifically identify the exact means by which that service should be accomplished. *Id.*

### V.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court consider this motion and the affidavit of Kristian Blakeney, that it finds the affidavit sufficient to establish the facts necessary to authorize substituted service, and that the Court authorize substituted service upon Anderson Dos Santos and Same Day Delivery, LLC by serving Carbin Huggins, President.  Further, Plaintiff respectfully requests that the Court authorize such substituted service to be effectuated by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement. Alternatively, Plaintiff respectfully requests that after making the requisite findings concerning the sufficiency of the affidavit, that the Court authorize substituted service upon Anderson Dos Santos and Same Day Delivery, LLC by serving Carbin Huggins, President by such other means as the Court may find appropriate and expressly spell out by order.  Plaintiff also respectfully requests such other and further relief, at law or in equity, to which she may be entitled.

Dated this 13th day of October 2022.

Respectfully Submitted,

WATTS GUERRA LLP
Four Dominion Drive
Building 3 – Suite 100
San Antonio, Texas 78257
Telephone:     (210) 447-0500
Facsimile:      (210) 447-0501

By:     */s/ Shalimar Wallis*
FRANCISCO GUERRA IV
State Bar No. 00796684
fguerra@wattsguerra.com

Copy from re:SearchTX

SHALIMAR WALLIS
State Bar No. 24033191
swallis@wattsguerra.com
JULIE A. MATSEN
State Bar No. 24115654
jmatsen@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was forwarded to all attorneys of record pursuant to the Texas Rules of Civil Procedure on this 13th day of October, 2022.

/s/  *Shalimar Wallis*
SHALIMAR WALLIS

---

Copy from re:SearchTX

FILED
10/13/2022 1:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais
Bexar County - 407th District Court

2022CI18343

# EXHIBIT 1

Copy from re:SearchTX

CAUSE NO. 2022CI18343

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ANDERSON DOS SANTOS and SAME DAY DELIVERY LLC | § | |
| Defendant. | § | 407TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT IN SUPPORT OF SUBSTITUTE SERVICE

On this day personally appeared **Kristian Blakeney** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 28, 2022, 4:00 pm**,

CITATION, PLAINTIFF'S ORIGINAL PETITION,

For delivery to **SAME DAY DELIVERY LLC by delivering to Carbin Huggins, President**

1) Unsuccessful Attempt: Oct 3, 2022, 8:24 pm EDT at 2610 Webster Dr. NW, Acworth, GA 30101-3430

Made contact with a female who stated she was the daughter of Carbin Huggins. She said that Carbin Huggins and Anderson Dos Santos both live here but are out of town. She said to try back at the end of the week.

2) Unsuccessful Attempt: Oct 6, 2022, 7:07 pm EDT at 2610 Webster Dr. NW, Acworth, GA 30101-3430

Made contact with Mr. Huggins's son who stated that Carbin Huggins and Anderson Dos Santos were not home. He would not give any info as to when they would be home.

3) Unsuccessful Attempt: Oct 8, 2022, 5:41 pm EDT at 2610 Webster Dr. NW, Acworth, GA 30101-3430

Made contact with a female who stated that Carbun Huggins was not home and was working. She said that he doesn't have a set schedule because he's in the trucking industry. She also said that Anderson Dos Santos was in Brazil and should be back in a few days but didn't know exactly when.

I have made diligent efforts to deliver said papers to **SAME DAY DELIVERY LLC by delivering to Carbin Huggins, President**. I have made numerous attempts at their residence address as described above and have posted my information to the front door of their residence. I believe an efficient way to effect service is by leaving a copy with anyone over 16 years of age or by securely attaching the Citation, with Plaintiff's Original Petition attached, to the front door of **SAME DAY DELIVERY LLC by delivering to Carbin Huggins, President**'s residence, where it is sure to be seen by someone at the residence, or in any other manner the affidavit or evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Georgia. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Copy from re:SearchTX

Kristian Blakeney

BEFORE ME, a Notary Public, on this day personally appeared **Kristian Blakeney**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  10/11/2022

Notary Public, State of Georgia



FILED
10/13/2022 1:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais
Bexar County - 407th District Court

Case 5:22-cv-01150-FB    Document 1-4    Filed 10/21/22    Page 28 of 46

2022CI18343

# EXHIBIT 2

CAUSE NO. 2022CI18343

| VICTORIA JEONG SWEENEY | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ANDERSON DOS SANTOS and SAME DAY DELIVERY LLC | § | |
| Defendant. | § | 407TH JUDICIAL DISTRICT COURT |

## AFFIDAVIT IN SUPPORT OF SUBSTITUTE SERVICE

On this day personally appeared **Kristian Blakeney** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 28, 2022, 4:00 pm**,

CITATION, PLAINTIFF'S ORIGINAL PETITION,

For delivery to **ANDERSON DOS SANTOS**

1) Unsuccessful Attempt: Oct 3, 2022, 8:24 pm EDT at 2610 Webster Dr. NW, Acworth, GA 30101-3430

Made contact with a female who stated she was the daughter of Carbin Huggins. She said that Carbin Huggins and Anderson Dos Santos both live here but are out of town. She said to try back at the end of the week.

2) Unsuccessful Attempt: Oct 6, 2022, 7:07 pm EDT at 2610 Webster Dr. NW, Acworth, GA 30101-3430

Made contact with Mr. Huggins's son who stated that Carbin Huggins and Anderson Dos Santos were not home. He would not give any info as to when they would be home.

3) Unsuccessful Attempt: Oct 8, 2022, 5:41 pm EDT at 2610 Webster Dr. NW, Acworth, GA 30101-3430

Made contact with a female who stated that Carbun Huggins was not home and was working. She said that he doesn't have a set schedule because he's in the trucking industry. She also said that Anderson Dos Santos was in Brazil and should be back in a few days but didn't know exactly when.

I have made diligent efforts to deliver said papers to **ANDERSON DOS SANTOS**. I have made numerous attempts at their residence address as described above and have posted my information to the front door of their residence. I believe an efficient way to effect service is by leaving a copy with anyone over 16 years of age or by securely attaching the Citation, with Plaintiff's Original Petition attached, to the front door of **ANDERSON DOS SANTOS**'s residence, where it is sure to be seen by someone at the residence, or in any other manner the affidavit or evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Georgia. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Copy from re:SearchTX

Kristian Blakeney

**BEFORE ME,** a Notary Public, on this day personally appeared **Kristian Blakeney**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON**   10/11/2022

Notary Public, State of Georgia

JAMES STEPHEN BLALOCK
MY COMMISSION EXPIRES
JAN. 29, 2024
BARTOW CO., GEORGIA
NOTARY PUBLIC

Copy from re:SearchTX

FILED
10/13/2022 1:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais
Bexar County - 407th District Court

# EXHIBIT A

Copy from re:SearchTX

FILED
9/19/2022 3:07 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 407th District Court

2 CIT PPS/ CIT SOS  SAC 3

CAUSE NO. _____   2022CI18343

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ANDERSON DOS SANTOS and | § | |
| SAME DAY DELIVERY LLC, | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Victoria Sweeney, and files this Original Petition against Defendants Anderson Dos Santos and Same Day Delivery LLC. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY TRACK

1.1    This case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and Plaintiff will seek an Agreed Order or other Court Order to this effect.

### II.
### PARTIES

2.1    Plaintiff, Victoria Jeong Sweeney, is a citizen of San Antonio, Bexar County, Texas.

2.2    Defendant, Anderson Dos Santos, is a citizen of Georgia domiciled in Acworth, Georgia at the time of the subject crash. Defendant Dos Santos may be served with process at his residence located at 2610 Webster Dr. NW, Acworth, Georgia 30101.

2.3     Defendant, Same Day Delivery, LLC, is a domestic limited liability company operating out of the state of Georgia at the time of the subject crash. Upon information and belief, the sole member of Same Day Delivery, LLC is Carbin Huggins, who is a citizen of Georgia residing at 2610 Webster Dr. NW, Acworth, Georgia 30101. Defendant Same Day Delivery, LLC does not maintain a regular place of business in Texas, nor does it have a designated agent for service of process in Texas. This proceeding arises out of Defendant Same Day Delivery, LLC's business done in Texas. As such, the Texas Secretary of State is the agent for service of process pursuant to Texas Civil Practice and Remedies Code § 17.044(b). The Secretary of State may effectuate process on Defendant Same Day Delivery, LLC by mailing a copy of the petition and citation to its home office:  Carbin Huggins, President, 2610 Webster Dr. NW, Acworth, Georgia 30101.

### III.
#### VENUE AND JURISDICTION

3.1     Venue is proper in Bexar County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Bexar County is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred.

3.2     This Court has subject matter jurisdiction over this action because the amount sought herein exceeds the minimum jurisdictional limits of the Court. Specifically, and pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that she seeks damages in excess of $1,000,000.00.

3.3     This Court has personal jurisdiction over each of the Defendants because they each do business in Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over them is proper.  More specifically:

---

*Plaintiff's Original Complaint*                                                    Page 2 of 7

Copy from re:SearchTX

a.      The Court has specific personal jurisdiction over Defendant Dos Santos, who is a domiciliary of the State of Georgia, because he purposefully directed his activities toward the State of Texas and purposefully availed himself of the privileges and benefits of conducting business in the State of Texas. This lawsuit arises foreseeably from the activities that Defendant Dos Santos purposefully directed toward Texas and the claims against Defendant Dos Santos arise directly from his contacts with the State of Texas insofar as Defendant Dos Santos committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit seek to impose liability against Defendant Dos Santos for the conduct that occurred and caused injury in Texas. The exercise of specific personal jurisdiction over Defendant Dos Santos comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

b.      This Court likewise has specific personal jurisdiction over Defendant Same Day Delivery, LLC because it purposefully directed its activities toward the State of Texas and purposefully availed itself the privileges and benefits of conducting business in the State of Texas. This lawsuit arises foreseeably from the activities that Defendant Same Day Delivery, LLC purposefully directed toward Texas and the claims against Defendant Same Day Delivery, LLC arise directly from its contacts with the State of Texas insofar as Defendant Same Day Delivery, LLC committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit seek to impose liability against Defendant Same Day Delivery, LLC for the conduct that occurred and caused injury in Texas. The exercise of specific personal jurisdiction over Defendant Same Day Delivery, LLC comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

*Plaintiff's Original Complaint*                                                                     Page 3 of 7

Copy from re:SearchTX

## IV.
### BACKGROUND FACTS

4.1     According to the crash report, on November 2, 2020 at roughly 4:03 pm., Plaintiff was traveling south at a lawful speed in the center lane of I-10 near mile marker 10 in San Antonio, Bexar County, Texas. At the same time, Defendant Dos Santos's vehicle was traveling south in the inside lane. Suddenly and without warning, Defendant Dos Santos attempted to merge into the center lane, causing his vehicle to collide with Plaintiff's vehicle. As a result of the crash, Plaintiff suffered severe injuries.

4.2     At all times during the time of the crash, Defendant Dos Santos was in the course and scope of his employment with his employer Same Day Delivery, LLC.  As such, Defendant Same Day Delivery, LLC is liable for the acts and omissions of Defendant Dos Santos under the doctrine of *respondeat superior*.  Alternatively, Defendant Dos Santos was the statutory employee of Defendant Same Day Delivery, LLC pursuant to the Federal Motor Carrier Safety Regulations.  *See* 49 C.F.R. § 376.1, *et seq.*

### CAUSES OF ACTION AGAINST DEFENDANTS DOS SANTOS AND SAME DAY DELIVERY, LLC

### V.
### NEGLIGENCE AND VICARIOUS LIABILITY

5.1     Defendant Dos Santos committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiffs' damages.

5.2.     Defendant Dos Santos owed a duty to Plaintiff to exercise ordinary care. Defendant Espinoza's acts or omissions of negligence include, without limitation, one or more of the following:

Copy from re:SearchTX

(a)    Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b)    Failing to safely operate the subject vehicle;

(c)    Crashing into Plaintiff;

(d)    Failing to pay attention to attendant traffic and driving conditions; and

(e)    attempting to merge when unsafe to do so.

5.3.    Defendant Same Day Delivery, LLC is liable for Defendant Dos Santos's conduct under the doctrine of *respondeat superior*.  Defendant Dos Santos was employed by Defendant Same Day Delivery, LLC as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit.  Defendant Same Day Delivery, LLC is vicariously liable for Defendant Dos Santos's negligence because Defendant Dos Santos was acting in furtherance of the business of Defendant Same Day Delivery, LLC at the time of the collision and was in the course and scope of his employment or agency with Defendant Same Day Delivery, LLC at the time of the collision.

5.4.    Alternatively, Defendant Same Day Delivery, LLC is vicariously liable as a matter of law for the negligence of Defendant Dos Santos because Defendant Dos Santos was a statutory employee of Defendant Same Day Delivery, LLC pursuant to the Federal Motor Carrier Safety Regulations.

**DAMAGES**

## VI.
### ACTUAL DAMAGES

6.1.    As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental

Copy from re:SearchTX

anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

## VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
### CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1    Plaintiff requests a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Dated: September 19, 2022                    Respectfully submitted,

WATTS GUERRA, LLP
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone:    (210) 447-0500
Facsimile:     (210) 447-0501

*Plaintiff's Original Complaint*                                        Page 6 of 7

Copy from re:SearchTX

By:    */s/ Shalimar Wallis*
FRANCISCO GUERRA IV
State Bar No. 00796684
fguerra@wattsguerra.com
SHALIMAR WALLIS
State Bar No. 24033191
swallis@wattsguerra.com
JULIE A. MATSEN
State Bar No. 24115654
jmatsen@wattsguerra.com
**COUNSEL FOR PLAINTIFF**

Copy from re:SearchTX

FILED
10/13/2022 1:27 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais
Bexar County - 407th District Court

2022CI18343

# EXHIBIT B

Copy from re:SearchTX

CAUSE NO. <u>2022CI18343</u>

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | 407TH JUDICIAL DISTRICT |
| | § | |
| ANDERSON DOS SANTOS and | § | |
| SAME DAY DELIVERY LLC, | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## <u>AFFIDAVIT OF JULIE A. MATSEN</u>

BEFORE ME, the undersigned authority, on this day personally appeared <u>Julie A. Matsen</u>, who being by me duly sworn on oath deposed and said:

1.      "My name is Julie A. Matsen, I am over the age of eighteen (18) years and I am competent to make this affidavit. I have personal knowledge of the matters contained in this affidavit, and they are true and correct.

2.       "I am an attorney for the law firm of Watts Guerra, LLP and am licensed to practice law in the State of Texas. Watts Guerra LLP represents the Plaintiff in this matter.

3.      "The residence of Same Day Delivery LLC by delivering to Carbin Huggins, President is believed to be 2610 Webster Dr. NW, Acworth, GA 30101.

4.      "The residence of Anderson Dos Santos is believed to be 2610 Webster Dr. NW, Acworth, GA 30101.

5.      "I have attempted to serve Defendant Same Day Delivery LLC by delivering to Carbin Huggins, President three times total; once on October 3, 2022, once on October 6, 2022, and once on October 8, 2022. Each attempt was unsuccessful as set forth in both the Affidavit in Support of Substitute Service for defendant Same Day Delivery LLC by delivering to Carbin Huggins, President, attached as Exhibit "1," and the Affidavit in Support of Substitute Service for defendant Anderson Dos Santos, attached as Exhibit "2".

6.      "I have attempted to serve Defendant Anderson Dos Santos three times total; once on October 3, 2022, once on October 6, 2022, and once on October 8, 2022. Each attempt was unsuccessful as set forth in both the Affidavit in Support of Substitute Service for defendant Same Day Delivery LLC by delivering to Carbin Huggins, President, attached as Exhibit "1," and the Affidavit in Support of Substitute Service for defendant Anderson Dos Santos, attached as Exhibit "2".

---

*Affidavit of Julie A. Matsen*
*Plaintiff's Motion for Substitute Service*

Copy from re:SearchTX

7.      "It has been determined that more than one person over the age of 16 appears to reside at 2610 Webster Dr. NW, Acworth, GA 30101, in addition to Defendant Anderson Dos Santos and Defendant Same Day Delivery LLC by delivering to Carbin Huggins, President.

8.      "As a result of the unsuccessful service attempts, I intend to serve Defendant Same Day Delivery LLC by delivering to Carbin Huggins, President and Defendant Anderson Dos Santos by substituted service to be effectuated by leaving a copy of the citation and of the petition with anyone older than sixteen at 2610 Webster Dr. NW, Acworth, GA 30101.

9.      "Further, affiant sayeth not."


_____
JULIE A. MATSEN

SUBSCRIBED AND SWORN TO before me by the said _JULIE A. MATSEN_, on this the _13th_ day of _OCTOBER 2022_, to certify which witnesses my hand and seal of office.


_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ROSA TOVAR-SALMON
My Notary ID # 10631523
Expires July 23, 2025

My Commission Expires: _1-23-2025_

_Affidavit of Julie A. Matsen_
_Plaintiff's Motion for Substitute Service_

Copy from re:SearchTX

FILED
10/19/2022 11:39 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 407th District Court

Case 5:22-cv-01150-FB    Document 1-4    Filed 10/21/22    Page 42 of 46

CAUSE NO. 2022CI18343

| | | |
|---|---|---|
| VICTORIA JEONG SWEENEY | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 407TH JUDICIAL DISTRICT |
| | § | |
| ANDERSON DOS SANTOS AND SAME | § | |
| DAY DELIVERY LLC, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS ANDERSON DOS SANTOS AND
## SAME DAY DELIVERY LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Anderson Dos Santos and Same Day Delivery LLC, Defendants in the above

styled lawsuit, and file their Original Answer and as grounds therefore would respectfully show

unto the Court and Jury as follows:

### I.
### GENERAL ANSWER

1.    The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens

and corporations of this state certain protections with respect to lawsuits of this type. Accordingly,

Defendants invoke the provisions of that rule and do generally deny the allegations now made

against them by the Plaintiff and her attorney.

2.    At any trial of this cause, Defendants will exercise their legal rights in this regard

and require Plaintiff to carry the burden of proof, which the law imposes upon her to prove each

and every material allegation contained in her pleadings by a preponderance of the credible

evidence.

### II.
### DEFENSES

3.    Defendants would show that Plaintiff's damages, if any, were proximately caused

by preexisting and/or subsequent physical conditions and medical conditions and/or accidents.

4.     Defendants would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.  TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

5.     If Plaintiff suffered any damages as a result of Defendants' alleged actions, Plaintiff had a duty to mitigate those damages.  Plaintiff failed to mitigate her damages and any damages awarded against Defendant should be reduced by any amounts she could have avoided being charged and/or owing to her health care providers.  Plaintiff failed to mitigate her damages to the extent that she or her lawyers entered into an arrangement with Plaintiff's medical providers to defer payment for medical services based upon the outcome of the claim resulting in this lawsuit. Such an arrangement gives the medical providers a financial stake in the outcome of this lawsuit and allows Plaintiff's medical expenses to go unaudited, unchecked, and unregulated resulting in Plaintiff being charged Tier 1 pricing for medical services that does not establish the fair market value of the services rendered.  The arrangement with medical providers to defer payment for medical services may have occurred through a "Letter of Protection"; a "Notice of Responsible Insurance"; an agreement tied to the outcome of the suit; a general business understanding between the medical providers and Plaintiff's counsel; a course of dealing on the part of Plaintiff's attorneys; or some other express or tacit agreement between the medical providers and Plaintiff's attorneys.

6.     The resulting Tier 1 charges are excessive and were incurred in an effort to increase

the recovery of medical and healthcare expenses under TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105. Plaintiff failed to mitigate her damages to the extent she, individually or acting by and through her attorneys, failed to take reasonable steps to ensure her medical charges did not exceed reasonable expenses for necessary medical care as established by the fair market value for such medical services as determined by the State of Texas, Medicare, Medicaid and/or private health insurance payors for the same Current Procedural Terminology ("CPT"®) code as established by the American Medical Association for the same time period in the same geographical region.

7.      Further, Plaintiff had health insurance coverage plan and also failed to mitigate her damages to the extent she did not submit her bills for medical treatment to her health insurance carrier. This would have resulted in an adjustment of the Tier 1 billed charge and likely payment to the medical providers.

8.      Evidence of Plaintiff's failure to mitigate damages in these regards is discoverable and admissible at the trial of this case.

9.      Further, Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

### III.
### JURY DEMAND

10.      Defendants Anderson Dos Santos and Same Day Delivery LLC have demanded a trial by jury and tendered their jury fee.

## IV.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendants Anderson Dos Santos and Same Day Delivery LLC pray that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff takes nothing by way of her causes of action against Defendants Anderson Dos Santos and Same Day Delivery LLC, that Defendants are awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which Defendants may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:   _/s/ Lynn S. Castagna_
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Daryl R. Hayes
State Bar No. 00790844
Daryl@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

**_VIA E-SERVICE_**
**_And/or VIA E-MAIL_**
Francisco Guerra, IV
Shalimar Wallis
Julie A. Matsen
WATTS GUERRA, LLP
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257

and in accordance with the Texas Rules of Civil Procedure, on the 19th day of October, 2022.

_/s/ Lynn S. Castagna_
Lynn S. Castagna